◼ PATRICK McMAHON et al., Appellants, v HOTSY OF CENTRAL NEW YORK, INC., et al., Respondents. HOTSY OF CENTRAL NEW YORK, INC., Third-Party Plaintiff-Respondent, v CITY OF OSWEGO, Third-Party Defendant-Respondent. HOTSY OF CENTRAL NEW YORK, INC., Third-Party Plaintiff-Respondent, v HOTSY CORPORATION, Third-Party Defendant-Respondent. [671 NYS2d 371] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of defendants Dayton Electric Manufacturing Co., Inc. (Dayton), and W.W. Grainger, Inc. (Grainger), insofar as it sought summary judgment dismissing the complaint against them in this products liability case alleging manufacturing and design defects and a failure to warn. The sole evidentiary proof that they submitted was the deposition testimony of Patrick McMahon (plaintiff). Because Dayton and Grainger failed to meet their initial burden of establishing entitlement to judgment, the burden never shifted to plaintiffs. Insofar as the motion was also made on behalf of third-party defendant The Hotsy Corporation, it was properly granted for the reasons that follow.

The court properly granted the cross motion of defendant Hotsy of Central New York, Inc. (Hotsy CNY). Hotsy CNY established as a matter of law by the submission of evidentiary proof in admissible form that Grainger, not it, distributed the "Teel" trigger gun that plaintiff was using at the time of his accident and that plaintiffs allege was defective. Plaintiffs failed in response to submit evidentiary proof establishing the existence of an issue of fact. In view of our determination that Hotsy CNY is entitled to summary judgment dismissing the

complaint against it, we further conclude that the court properly granted summary judgment to third-party defendants, The Hotsy Corporation and City of Oswego, dismissing the third-party complaints of Hotsy CNY against them.

We modify the order, therefore, by denying the motion of Dayton and Grainger insofar as it sought summary judgment dismissing the complaint against them. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Callahan and Fallon, JJ.